**Opinion issued December 30, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-01066-CV

————————————

### IN RE HANOVER INSURANCE COMPANY, Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

In this original proceeding, Relator Hanover Insurance Company seeks mandamus relief from the trial court's order granting a pre-suit deposition request under Texas Rule of Civil Procedure 202. We stayed the trial court's order pending the outcome of this proceeding, and we now conditionally grant mandamus relief.

## Background

On November 14, 2013, Real Party in Interest Key Access Institute LLC (KAI), an entity engaged in surgical assistant staffing and training, filed a Rule 202 petition seeking (1) the deposition of a representative of Hanover on nine topics and (2) production by Hanover of documents responsive to KAI's document requests. KAI is also the plaintiff in an ongoing lawsuit in Harris County district court. In that case (the "underlying litigation"), KAI sued former members of its Board of Managers, alleging that they unlawfully formed a competing entity.

KAI alleged in its Rule 202 petition that Hanover, KAI's insurer, has wrongfully provided defense and coverage to the former KAI members who are the defendants in the underlying litigation. KAI contends that Hanover's provision of defense and coverage to KAI's adversaries in the underlying litigation may constitute a breach of contract, misrepresentation, and fraud by non-disclosure. In its Rule 202 petition, KAI seeks "to explore potential wrongful acts in violation of the terms of the subject policy and the wrongful, tortious acts of the individuals and Hanover's involvement with those acts." According to its Rule 202 petition, KAI seeks to discover the following information from Hanover:

- Information regarding claims made under the policy;
- Information regarding the nature and extent of communications between Hanover and the former KAI employees/directors;
- The reason Hanover tendered a defense to the KAI employees/directors without the authorization of KAI, the named insured; and

2

- Whether and when a $10,000 retainage was paid by the KAI employees/directors to secure a defense.

In support of its Rule 202 petition, KAI asserted that the requested deposition "may prevent a failure or delay of justice in an anticipated suit, as well as a present suit." *See* TEX. R. CIV. P. 202 (permitting petition for deposition to obtain person's own testimony or that of any other person for use in anticipated suit). KAI explained that it had been involved in litigation against the former members of the Board of Managers for more than one year; that Hanover improperly provided the defendants in the underlying litigation with coverage under KAI's policy with Hanover; and that, as a result, the defendants in the underlying litigation have little incentive to settle with KAI in the underlying case.

On December 6, 2013, the trial court held a hearing and entered an order granting, in part, KAI's Rule 202 petition. The record contains no transcript of the December 6 hearing. The order permitted deposition testimony on all but one of the identified deposition topics but did not require Hanover to produce documents. The trial court expressly found: "allowing [KAI] to take the requested deposition may prevent a failure or delay of justice in an anticipated suit." Hanover sought mandamus and emergency relief.

## Discussion

Hanover contends that it is entitled to mandamus relief for two reasons: (1) KAI failed to introduce any competent evidence to support its Rule 202 petition

3

and (2) even taking KAI's allegations as true and according them evidentiary value, KAI failed to meet the heavy burden of demonstrating that taking the requested deposition may prevent a failure or delay of justice in an anticipated suit. In its response, KAI argues that (1) Hanover cannot demonstrate a clear abuse of discretion because it failed to present this Court with a record of the Rule 202 hearing, and (2) the trial court did not abuse its discretion in granting the deposition.

## A. Standard for Mandamus Relief

We may issue a writ of mandamus to correct a trial court's clear abuse of discretion or violation of duty imposed by law when no "adequate" remedy by appeal exists. *See In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex. 2004) (orig. proceeding). A clear abuse of discretion occurs when the trial court's decision is so arbitrary and capricious that it amounts to clear error. *See Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992). Because a trial court has no discretion in determining what the law is, it is said to abuse its discretion if it interprets or applies the law incorrectly. *See id.* at 840.

## B. Rule 202

As relevant here, Texas Rule of Civil Procedure 202 permits a party to petition a court for an order authorizing depositions or written questions to perpetuate or obtain the person's own testimony or that of any other person for use

4

in an anticipated suit. TEX. R. CIV. P. 202.1(a), (b). A petitioner must demonstrate and the trial court must find that allowing the petitioner to take the requested deposition may prevent a failure or delay of justice in an anticipated suit. *See id.* 202.4(a)(1).

In general, this requires the petitioner to show that there is a reason that the deposition must occur before the anticipated lawsuit is filed, and not after. *See In re Dallas Cnty. Hosp. Dist.*, No. 05-14-00249-CV, 2014 WL 1407415, at *2 (Tex. App.—Dallas Apr. 1, 2014, orig. proceeding) (mem. op.). "It is not sufficient to articulate a 'vague notion' that evidence will become unavailable by the passing of time" without producing evidence to support a claim that the deposition may prevent a failure or delay of justice. *Id.* (argument that deposition would "prevent a failure or delay of justice" because relator hospital had high employee turnover was not sufficient to meet burden under Rule 202). And merely showing that the deposition will prevent delay generally is likewise insufficient to meet the burden to show a failure or delay of justice. *See In re Legate*, No. 04-10-00874-CV, 2011 WL 4828192, at *2 (Tex. App.—San Antonio Oct. 12, 2011, orig. proceeding) (mem. op.).

Rule 202 depositions are not now and never have been intended for routine use. *In re Jorden*, 249 S.W.3d 416, 423 (Tex. 2008) (noting practical and due process problems with demanding discovery from someone before telling them

what the issues are). Indeed, the Texas Supreme Court has directed courts to "strictly limit and carefully supervise pre-suit discovery to prevent abuse of [Rule 202.]" *In re Wolfe*, 341 S.W.3d 932, 933 (Tex. 2011).

## B. Analysis

Before reaching the merits of Hanover's mandamus petition, we address KAI's contention about the absence of a reporter's record. KAI contends that Hanover's failure to provide us with the record of the December 6 hearing on the Rule 202 petition is fatal to its mandamus request. But KAI does not contend that the hearing was evidentiary. And Hanover provided two sworn verifications, in compliance with Texas Rule of Appellate Procedure 52.7, explaining why no record of the Rule 202 hearing was filed in this court. Hanover's verifications state that "[t]here is no record of any evidentiary hearing in this matter," and that "[n]o evidentiary hearing was conducted and no testimony was adduced in connection with the matter complained." *See* TEX. R. APP. P. 52.7. Hanover thus demonstrated that the hearing on the Rule 202 petition was not evidentiary; its purpose was only to permit the trial court to hear argument. But "argument of counsel is not evidence and cannot supply the factual basis for granting a Rule 202 petition." *In re Noriega*, No. 05-14-00307-CV, 2014 WL 1415109, at *2 (Tex. App.—Dallas Mar. 28, 2014, orig. proceeding) (mem. op.). Thus, the absence of a reporter's record of the non-evidentiary hearing on the Rule 202 petition, on these

6

facts, is not fatal to Hanover's mandamus petition.[1] *See id.*; *cf. In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *2 (Tex. App.—Houston [1st Dist.] Apr. 2, 2013, orig. proceeding) (mem. op.) (failure to file reporter's record of Rule 202 hearing fatal to mandamus petition when no explanation was given for failure to file record).

With respect to the merits of KAI's Rule 202 petition, the trial court found that "allowing [KAI] to take the requested deposition may prevent a failure or delay of justice in an anticipated suit." Tex. R. Civ. P. 202.4(a)(1). Hanover urges us to conclude that mandamus relief is warranted because the verified allegations in KAI's Rule 202 petition, by themselves, are categorically insufficient to support the trial court's finding when, as here, the verified petition was not admitted into evidence. We need not decide whether the verified allegations of a Rule 202 petition that was not admitted into evidence, alone, may support a trial court's grant of a Rule 202 petition, because, in this case, mandamus relief is warranted even if we accord evidentiary value to all of the verified allegations in KAI's Rule 202 petition. Stated differently, we conclude that even if all of the allegations in KAI's verified Rule 202 petition are taken as true and accorded evidentiary value,

---

[1] KAI also complained about Hanover's allegedly improper certification under Texas Rule of Appellate Procedure 53.2 and typographical and other errors in Hanover's mandamus record. These complaints were mooted by Hanover's supplemental filing of a proper certification and a corrected text-searchable copy of the mandamus record.

the trial court nevertheless abused its discretion in granting discovery under Rule 202.

Essentially, KAI's position is that it was entitled to Rule 202 discovery because the discovery would allow it to avoid a potential "failure or delay of justice" in one of two lawsuits—one that is pending, and one that is anticipated. First, KAI suggested that the trial court's failure to grant the Rule 202 discovery would result in a failure or delay of justice in the already-pending underlying litigation, because Hanover is providing a defense and thus eliminating the defendants' incentive to settle. But while permitting Rule 202 discovery theoretically could reduce future potential delay in concluding the underlying litigation by helping to bring about a settlement, this is insufficient to support Rule 202 discovery. *See In re Legate*, 2011 WL 4828192, at *2. KAI was required to show that ordering the Rule 202 discovery would prevent the "failure or delay of justice in an *anticipated suit*." Tex. R. Civ. P. 202.4(a)(1). Accordingly, to the extent that the trial court granted Rule 202 discovery to prevent a failure or delay of justice in the underlying litigation, it abused its discretion because KAI's desire to use Rule 202 discovery to bring about a desired result—settlement—in that *ongoing* suit cannot support pre-suit discovery under Rule 202. *See id.*

Second, KAI argues that the Rule 202 discovery would prevent a failure or delay of justice in a potential lawsuit by KAI against Hanover. Unlike the

8

underlying litigation, a suit by KAI against Hanover qualifies as a potential *anticipated* suit. But KAI's Rule 202 petition nowhere explains why the deposition of Hanover must occur in a Rule 202 proceeding before, and not after, KAI sues Hanover, by joining it in the underlying litigation or otherwise. *See In re Dallas Cnty. Hosp. Dist.*, 2014 WL 1407415, at *3 (trial court abused its discretion because real party in interest provided no explanation for why deposition must occur pre-suit). There is no suggestion in the record that KAI does not know the identity of the potential parties to the anticipated suit, that there is a threat that the relevant evidence will disappear, or that the statute of limitations on KAI's claims is looming. Thus, even if the trial court granted the Rule 202 discovery based on the notion that doing so would prevent a failure or delay of justice in KAI's anticipated suit against Hanover, it abused its discretion because the record contains no support for its finding that permitting the discovery would prevent a failure or delay of justice in that suit.

Whichever end KAI seeks—a settlement in the ongoing underlying litigation or discovery of whether it could or should bring an anticipated suit against Hanover—Rule 202 is not the means by which to achieve it. KAI is already a party in the underlying litigation, and the Texas Rules of Civil Procedure provide a mechanism by which a party in KAI's position may obtain discovery from a third party like Hanover. *See* TEX. R. CIV. P. 176. Third-party discovery under Rule

176 is not limitless, but permitting Rule 202 to be used as a mechanism for obtaining third-party discovery that a party was unable to obtain in pending litigation under Rule 176 is improper and would only encourage forum-shopping and the taking of second bites after a party is visited by an unfavorable discovery ruling. *See In re Wolfe*, 341 S.W.3d at 933 (party may not obtain by Rule 202 what it could not obtain in anticipated suit). In light of the availability of routine third-party discovery tools that are already at KAI's disposal in the underlying litigation and the Texas Supreme Court's admonition that we "strictly limit and carefully supervise pre-suit discovery" to prevent its abuse, we conclude that the trial court's finding that "allowing [KAI] to take the requested deposition may prevent a failure or delay of justice in an anticipated suit" is unsupported. Accordingly, the trial court abused its discretion in ordering the Rule 202 deposition of Hanover based on that finding. *See In re Wolfe*, 341 S.W.3d at 933; *In re Dallas Cnty. Hosp. Dist.*, 2014 WL 1407415, at *3; *see also In re Legate*, 2011 WL 4828192, at *2 (mere delay, as opposed to delay of justice, not sufficient to support Rule 202 finding).

10

**Conclusion**

We lift our stay and conditionally grant Hanover's mandamus petition. We direct the trial court to vacate its December 6, 2013 order permitting the pre-suit deposition. We are confident the trial court will comply, and our writ will issue only if it does not.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Sharp and Huddle.